FILED & ENTERED

AUG 19 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

Mike Davidyan,

Debtor(s).

Case No.: 2:26-bk-12003-BB

CHAPTER 7

**ORDER DENYING DEBTOR'S MOTION FOR ORDER STAYING ENFORCEMENT OF ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION PENDING APPEAL**

(No hearing required)

The Court, having reviewed and considered the motion of debtor Mike Davidyan (“Debtor” or “Davidyan”)) for an order staying enforcement of this Court's May 27, 2026 Order Sustaining Objection to Debtor's Homestead Exemption [Dkt. No. 86] pending appeal (the "Motion") [Dkt. No. 117], the Declaration of Mike Davidyan in support thereof, the Opposition to Debtor's Motion for Order Staying Enforcement of Order Sustaining Objection to Debtor's Homestead Exemption Pending Appeal filed by Joyce Faye Atlas and Neighborhood Legal Services of Los Angeles County ("Judgment Creditors") [Dkt.

No. 122], the Memorandum of Points and Authorities in support thereof, the Declaration of David Pallack in support thereof, the Evidentiary Objections to Declaration of Debtor submitted by Judgment Creditors [Dkt. No. 123] (the "Evidentiary Objections"), and the Court's records and files in the above-entitled bankruptcy case (the "Case"), hereby issues the following order:

## I

## RULINGS ON THE EVIDENTIARY OBJECTIONS

The Court rules on Judgment Creditors' evidentiary objections to the Declaration of Mike Davidyan filed in support of the Motion as follows:

**Paragraph 4, page 25** ("The Property is my residence and has been my residence.")

Objection OVERRULED as to best evidence rule. The statement does not require production of a writing under the best evidence rule because it is a testimonial assertion of fact, not proof of the content of a writing and is fact within the Debtor's personal knowledge. However, the testimony is sustained as an improper legal opinion as to the meaning of the word, "residence." (Court notes further that the Debtor does not testify that the property was his residence as of the petition date or as of any particular point in time.)

**Paragraph 8, page 25** ("The Property has undergone substantial remodeling.") and **Paragraph 9, page 26** ("I undertook remodeling involving plumbing, electrical work, roofing, painting, siding, bathroom work, laundry work, and related construction.")

Objection that this calls for an improper opinion is OVERRULED. A layperson can testify that a property has been substantially remodeled. However, objection SUSTAINED as to relevance in that the Debtor does not say when or whether any of the work he "undertook" was performed or has been

completed and has offered no evidence that remodeling was actually going on as of the petition date. The testimony therefore has no bearing upon whether the property was or was not the Debtor's residence at the time the petition was filed.

**Paragraph 10, page 26** ("Utility records reflect substantial use of the Property."), **Paragraph 11, page 26** ("The January 30, 2026, utility bill reflected approximately 374 HCF of water usage during the relevant billing period."), and **Paragraph 12, page 26** ("The March 31, 2026, utility bill reflected charges totaling approximately $3,587.53.")

Objection SUSTAINED as to best evidence rule and relevance. The utility bills are documentary evidence and the best evidence of their contents is the bills themselves, not Debtor's summary testimony about what they show. Moreover, the Court reviewed the actual utility records submitted as exhibits to Debtor's Opposition to Trustee's Application to Employ Shulman Bastian [Dkt. No. 35] and found at the time of the hearing that they showed no electrical use between November 2025 and the end of March 2026 and no water use from January through March 2026. The 374 HCF water usage reflected in the January 30, 2026 bill covered the billing period from November 26, 2025 through January 28, 2026, before the critical period immediately prior to the March 3, 2026 petition date. This evidence does not support ongoing residence as of the petition date.

**Paragraph 13, page 26** ("Adan Bonilla assisted me with remodeling the Property.")

Objection OVERRULED as to form but SUSTAINED as to relevance. The statement that Mr. Bonilla assisted with remodeling is based on personal knowledge, but, as this Court found, the evidence of remodeling was either from 2022 or from after the date the objection to the Debtor's homestead was filed and did not establish residence as of the petition date.

**Paragraph 16, page 26** ("My appeal raises substantial questions concerning the homestead exemption and the evidence concerning my residence.")

Objection SUSTAINED. This is a legal conclusion, not factual testimony. A lay witness may not offer opinion testimony on legal questions or the merits of an appeal. The determination of whether an appeal raises substantial questions is for the Court, not the witness.

**Paragraph 16, page 26** ("I am willing to maintain hazard insurance.")

Objection OVERRULED as to form; SUSTAINED as to foundation. A statement of willingness to maintain insurance is testimonial, but without evidence of current insurance coverage or ability to obtain coverage, the statement lacks foundation and relevance to determining whether conditions can adequately protect the estate.

**Paragraph 16, page 26** ("I am willing to pay applicable property taxes.")

Objection SUSTAINED. The preliminary title report dated March 26, 2026 shows unpaid and defaulted property taxes from prior tax years. A statement of willingness to pay taxes is contradicted by documentary evidence of past default and provides no foundation for finding that taxes will actually be paid.

**Paragraph 16, page 26** ("I am willing to preserve the Property and prevent waste.")

Objection as to relevance is OVERRULED. A statement of willingness to preserve property is relevant to conditions that might be imposed if a stay were granted.

**Paragraphs 22-27** (regarding alleged malpractice action)

Objection SUSTAINED as to relevance to the Motion. Disclosure of a potential malpractice claim is properly made through amendment of schedules and disclosure to the Trustee, not through a declaration in support of a stay motion. The alleged malpractice claim against appellate counsel does not bear on whether Debtor is entitled to a stay of the homestead order or whether he resided at the Property as of the petition date.

## II
## PROCEDURAL HISTORY

In October 2016, Joyce Faye Atlas, then 62 years old and the owner of a home at 932 West 82nd Street, Los Angeles, learned she owed over $10,000 in back property taxes and faced foreclosure. Mike Davidyan contacted Ms. Atlas and offered assistance. On October 10, 2016, Ms. Atlas signed documents conveying title to her home to Davidyan, believing she was obtaining a loan to pay the back taxes. Davidyan paid the $10,596.62 in back taxes on October 14, 2016.

Ms. Atlas alleges Davidyan misled her into signing the grant deed, purchase and sale agreement, and release by representing the documents were for a loan rather than a transfer of title. She met with Davidyan again on October 16, 2016, told him she no longer wanted to work with him, and took back the documents she had given him. Ms. Atlas continued to live in the home, believing the transaction had been cancelled. In February 2021, more than four years later, Davidyan served Ms. Atlas with an eviction notice.

On April 16, 2021, Ms. Atlas filed a civil action (the “State Court Action”) against Davidyan alleging fraud, undue influence, financial elder abuse, cancellation of instruments, return of real property, quiet title, and intentional infliction of emotional distress. Davidyan represented himself

and filed an answer and cross-complaint. Between October 2021 and July 2023, the Los Angeles Superior Court granted nine motions to compel filed by Ms. Atlas based on Davidyan's repeated failure to comply with discovery obligations.

The trial court imposed progressively severe sanctions on Davidyan in the State Court Action. First, it imposed monetary sanctions, then issue sanctions on March 28, 2023, and finally terminating sanctions on July 10, 2023, striking Davidyan's answer and cross-complaint. The court found that Davidyan's noncompliance was willful and that his pro per status did not excuse his pattern of dilatory conduct. On October 27, 2023, after a prove-up hearing, the trial court entered a default judgment against Davidyan in the State Court Action awarding Ms. Atlas $750,000 in damages for mental and physical distress and $316,066.25 in attorneys' fees to Neighborhood Legal Services of Los Angeles County.

The state court judgment declared the October 10, 2016, grant deed void ab initio due to fraud and misrepresentation, quieted title to the property in favor of Ms. Atlas, and rescinded the purchase and sale agreement and release. Davidyan appealed, and the California Court of Appeal affirmed the judgment in a published opinion filed August 29, 2025.

On March 5, 2024, Davidyan recorded a homestead declaration with regard to the real property located at 162 East Claremont Street, Pasadena, California 91103 (the "Property"). (This is not the property that had been Ms. Atlas's home.) He also recorded a $1.5 million deed of trust against the Property between himself, Mike Davis, and Nationwide Bank Mortgage, Inc. on or about the same date.

On April 15, 2025, the Los Angeles Superior Court entered an order authorizing the sale of the Property to satisfy the judgment in favor of Ms. Atlas. The court issued an amended sale order on June 5, 2025, making specific findings. Among those findings was a ruling that Davidyan does not live at the Property, that the Property does not constitute a dwelling under

California Code of Civil Procedure section 704.710, and that the Property's value is $810,000. The state court also found that the $1.5 million deed of trust recorded on March 5, 2024 is "illegitimate and unenforceable" and that the homestead declaration that the Debtor recorded the same day "is invalid and has no value."

The state court ordered that the $1.5 million deed of trust and the homestead declaration shall not be paid after any sale of the Property. The court enjoined Davidyan from encumbering the Property, committing waste, or transferring any interest until further order. The sale was scheduled to proceed, but Davidyan filed the instant chapter 7 bankruptcy petition on March 3, 2026, days before the scheduled sale date.

Davidyan filed his Chapter 7 petition on March 3, 2026. The Court has taken judicial notice of the information that the Debtor provided in his schedules and statements:

1. The Debtor listed the Property as his address on his bankruptcy petition and schedules.
2. In Schedule C, he claimed the Property as his homestead pursuant to California Code of Civil Procedure section 704.730 and claimed as exempt equity of $661,000 in the Property.
3. In Schedule A/B, the Debtor scheduled the Property with a value of approximately $800,000, a Suzuki Katana with a value of approximately $6,000, miscellaneous household goods with an aggregate value of $16,500 and financial assets of $71,610, including cash on hand of $40,000, a Charles Schwab account with $25,000 on deposit and various other accounts making up the balance.
4. The Debtor never filed a schedule D to disclose the identity of any secured creditors, and the equity calculation on Schedule C appears to be based on the amount of an available homestead exemption as of

the petition date and not on the amount of equity left after deduction of any secured debt.[1]

5. The Debtor's Schedule E/F contains nothing but zeros. The Debtor did not schedule *any* priority or nonpriority unsecured debts.
6. In his Statement of Financial Affairs (Official Form 107) (docket no. 31), the Debtor has answered "no" to all questions but items 9 and 10 in Part 4. In response to question 9, he lists two lawsuits: (a) the one referenced above filed by Joyce Faye Atlas; and (b) a personal injury action filed by Angela Walker. In response to question 10, "Within the 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized or levied," he describes the Property and checked the box to indicate that it was "attached, seized or levied" by creditor Joyce Faye Atlas.
7. The Debtor says he is self-employed and has no monthly income on his Schedule I.
8. On Schedule J, the Debtor lists "rental or homeownership expenses" of $2,459.17 per month. As the Debtor has not scheduled any secured creditors or disclosed any liens against the Property (other than that of Joyce Faye Atlas), it is unclear what this expense is for.
9. The Debtor's Schedules G and H show that he has no executory contracts and no codebtors. His Statement of Current Monthly Income (Official Form 122A-1) shows no income whatsoever.

On May 5, 2026, Judgment Creditors filed a motion for relief from stay to proceed with the State Court Action. This Court granted that motion by order entered May 26, 2026 (docket no. 61). That order terminated the automatic stay to permit the Judgment Creditors to proceed against the Debtor with regard to any property or earnings that are not Property of the

[1] The only reason the Case was not dismissed based on the Debtor's failure to file a Schedule D is because the trustee specifically requested that the Case not be dismissed, and the Court granted that request.

bankruptcy estate and waived the 14-day stay that would otherwise have been created by Fed. R. Bankr. Proc. 4001(a)(3). The Court granted the Trustee’s motion to abandon any interest that Davidyan’s bankruptcy estate would otherwise have had in the Property by order entered July 8, 2026 (docket no. 104). Thus, the Property is no longer property of the Debtor’s bankruptcy estate and the automatic stay no longer prohibits the Judgment Creditors from exercising any rights and remedies that they would otherwise have had with regard to the Property.

The Judgment Creditors also filed an objection to Debtor's claimed homestead exemption on May 5, 2026 (docket no. 38) (the “Objection”). They asserted that the Property was uninhabitable, that the Debtor did not reside there, and that the Los Angeles Superior Court had already found in the June 5, 2025 amended sale order that the Property was not Debtor's residence. Judgment Creditors supported their objection with photographs of the Property showing that it was boarded up and in disrepair, utility records showing minimal or no electrical and water usage during the months before and after the petition date, and the state court's findings.

On May 13, 2026, the Debtor filed an opposition supported by a declaration from Adan Bonilla, who stated that he had been assisting Debtor with remodeling the property and that the Debtor resides at the property. Mr. Bonilla's declaration stated that the property was undergoing extensive renovation involving plumbing, electrical work, roofing, painting, siding, bathroom work, and laundry work. He stated that a gas generator was used while electrical work was performed and electricity was disconnected for safety reasons.

At a hearing held May 26, 2026, the bankruptcy court sustained the Judgment Creditors objection to the Debtor’s claim of homestead exemption. The Court found that the state court had already determined that the Property is not habitable, and that Debtor does not live there. The court further found that Debtor's evidence of remodeling and residence was

either dated from 2022 or occurred after the petition date and after Judgment Creditors filed their objection to his claimed homestead exemption. The Court determined that the Property was not habitable from 2022 through the petition date, that it was boarded up, and that any remodeling efforts began only after the motion was filed as part of the Debtor’s effort to avoid losing the Property.

The Court entered its Order Sustaining Objection to Debtor's Homestead Exemption on May 27, 2026 (docket no. 63). The Debtor filed a notice of appeal on June 8, 2026, and an amended notice of appeal on June 16, 2026.

On August 10, 2026, the Debtor filed the instant Motion for a stay pending appeal. On August 18, 2026, Judgment Creditors filed an opposition and evidentiary objections to Debtor's declaration in support of the stay motion.

## II
## APPLICABLE LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007(a) permits a party to move in the bankruptcy court for a stay of a judgment, order, or decree pending appeal. A party ordinarily must first move in the bankruptcy court for a stay before seeking relief from an appellate court.

In deciding whether to grant a stay pending appeal, courts consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion.

Courts in the Ninth Circuit apply these factors on a sliding scale, such that a stronger showing on one element may offset a weaker showing on another. If a

movant is unable to show a strong likelihood of success on the merits, the movant must at least demonstrate that the appeal presents a substantial case on the merits or that there are serious legal questions raised. Under this lower threshold, however, the movant must demonstrate that the balance of hardships tips sharply in the movant's favor.

As to the second factor -- irreparable harm -- the standard requires the movant to demonstrate that irreparable harm is probable, as opposed to merely possible, if the stay is not granted. The harm must be the more probable or likely outcome. A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The movant's failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion.

## IV

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following findings of fact and conclusions of law pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure (as incorporated by Rule 7052 of the Federal Rules of Bankruptcy Procedure).

A. Debtor Has Not Demonstrated a Strong Likelihood of Success on the Merits or Serious Legal Questions.

Debtor has not made a strong showing that he is likely to succeed on the merits of his appeal from the May 27, 2026 Order sustaining the objection to his homestead exemption. Whether a debtor has the right to claim an exemption is a question of law reviewed de novo, and the bankruptcy court's underlying findings of fact are reviewed for clear error. Factual findings are clearly erroneous only if they are illogical, implausible, or without support in the record. A factual finding is clearly erroneous if, after examining the evidence, the reviewing court is left with the definite and firm

conviction that a mistake has been committed. The bankruptcy court's choice among multiple plausible views of the evidence cannot be clear error.

This Court's findings are supported by substantial evidence and are not clearly erroneous. The Court found that the Los Angeles Superior Court had already determined in its June 5, 2025 Amended Order for Sale of Real Property that Debtor does not live at the Property and that the Property does not constitute a dwelling under California Code of Civil Procedure section 704.710, subdivisions (a) and (c). The state court made express findings that "Defendant Mike Davidyan does not live in the property" and that "the Property does not constitute a dwelling under Code of Civil Procedure section 704.710, subdivisions (a) and (c)."

The state court also found that the homestead declaration recorded on March 5, 2024 "is invalid and has no value" and ordered that it "shall not be paid after any sale of the property." These findings were made in June 2025, nine months before Debtor filed his bankruptcy petition on March 3, 2026.

This Court properly considered the state court's findings and also conducted its own evaluation of the evidence presented as of the petition date. Exemptions from bankruptcy are determined as of the petition date. This Court found that evidence of alleged occupancy and remodeling submitted by Debtor was either dated from 2022 or occurred after the petition date and after Judgment Creditors filed their motion.

The Court specifically found that permits and bids for plumbing and electrical work were dated 2022, that there was no evidence Debtor actually signed off on the bids or paid contractors, and that the few invoices provided were all post-petition. The Court found that utility records showed "absolutely no electrical use" between November 2025 and the end of March 2026, and "no water use" from January through March 2026, with the petition filed on March 3, 2026.

The Court further found that pictures attached to declarations showed the Property in the exact same condition shortly after the petition date as it

was in 2024 photographs submitted in the state court sale motion. The Court concluded that the Property was not habitable from 2022 through the petition date, that it was boarded up, and that any remodeling efforts began only after the homestead objection was filed.

These findings are not clearly erroneous. They are supported by documentary evidence including utility bills showing minimal usage, photographs showing the Property boarded up and in disrepair, the state court's express findings, and the timing of Debtor's alleged remodeling efforts. This Court's conclusion that Debtor was not entitled to claim a homestead exemption is a plausible view of the evidence and does not constitute clear error.

While this Court's determination as to the debtor’s ability to assert a homestead exemption in bankruptcy is an independent federal bankruptcy law question, the Court properly considered and gave weight to the state court's factual findings regarding Debtor's residence. The Court applied the correct legal standard for homestead exemptions under California law and properly evaluated the evidence as of the petition date.

More importantly, however, as the Court noted at the time of the original hearing, the only reason the Debtor filed this bankruptcy case was to seek review and reversal of the state court’s finding that he was not entitled to a homestead exemption and that the Property should be sold to satisfy the Judgment Creditors’ claims. The Case was a bad faith filing and not one in which the Court should revisit an earlier state court finding on the theory that the interests of third-party creditors would be adversely affected if the Judgment Creditors were permitted to enforce their state court judgment.

As noted above, according to the Debtor’s schedules, there are no other creditors, either secured or unsecured. Although he purports to have no income, he has more than $70,000 in liquid assets with which to pay his relatively nominal living expenses. There is no reason for this Debtor to have filed bankruptcy other than to revisit the outcome of the State Court Action. As the following colloquy

from the hearing on the Objection illustrates, that is the only reason the Debtor filed this bankruptcy case:

MR. DAVIDYAN: I never had a trial.

THE COURT: That is not something I can fix. You didn't have a trial because you did not cooperate in discovery and the state court entered judgment against you.

MR. DAVIDYAN: So I'm going to lose my house without having a trial in a federal court? That's why I filed it.

THE COURT: You don't -- if you -- if you have a trial in state court -- or have you have a proceeding in state court, the federal court -- I mean, this is not a fact pattern where the federal courts then step in and oversee what the state court does.

MR. DAVIDYAN: I'm not asking for that.

THE COURT: I'm not a Court of Appeals for the state court.

MR. DAVIDYAN: I'm not asking for that. I'm asking to have a trial before they sell my home.

THE COURT: Okay. All right. I'm going to grant the motion objecting to the debtor's homestead objection. Ms. Miller, you get me an order to that effect.

MS. MILLER: Yes, Your Honor.

MR. DAVIDYAN: So while I'm –

THE COURT: And then on the motion for relief from stay I'll grant that-

MR. DAVIDYAN: So I'm trying to understand what's going –

THE COURT: Let's see if there's a –

MR. DAVIDYAN: -- on. I'm going to have my -- sold my home?

THE COURT: Yeah. I'm going to grant relief from stay so that we can do what the state court has already found ought to be done here.

MR. DAVIDYAN: So we're going to sell my home.

THE COURT: That's right.

MR. DAVIDYAN: Without a trial?

THE COURT: That's right.

MR. DAVIDYAN: So why do I need a bankruptcy, then?

THE COURT: Yeah, exactly. It was a bad faith bankruptcy filing designed simply to undermine what the state court had done.

Transcript of Hearing on Objection, Exhibit 4 to Opposition to the Motion (docket no. 122), pp. 71-72.

The Los Angeles Superior Court adjudicated the factual issue of Debtor's residence at the Property in its June 5, 2025 Amended Order for Sale of Real Property, finding that Debtor does not live there and that the Property is not a dwelling. That order was entered in an ongoing enforcement proceeding following a final judgment on the merits that was affirmed on appeal. Debtor has therefore failed to make a strong showing of likelihood of success on the merits or even to demonstrate that the appeal presents serious legal questions.

B. Debtor Has Not Shown Probable Irreparable Harm

The Debtor has not demonstrated that irreparable harm is probable absent a stay. As to irreparable harm, the standard requires the movant to demonstrate that irreparable harm is probable, as opposed to merely possible, if the stay is not granted. Debtor argues that denial of a stay could result in the loss, sale, transfer, or administration of the Property before appellate review is completed, causing him to lose possession of his claimed residence. However, this argument fails because the evidence establishes that the Property is not Debtor's residence and has not been habitable or occupied as of the petition date.

The Court notes that, even in the declaration that the Debtor has provided in support of the Motion he does not actually say that he lives at the Property. He says that the Property is "his residence," and, as set forth above, the Court has sustained an evidentiary objection to this testimony on the ground that it constitutes a legal opinion as to what constitutes a residence. Further, the text of paragraph 18 of the Debtor's Declaration (p.

26 of 31 at line 28 of docket no. 117) is particularly revealing. Here, the Debtor says, "***I have no other residence equivalent to the Property***." So, in other words, he does have another residence, but that residence is just not as valuable or desirable as the Property?

This Court found that Debtor was not living at the Property as of March 3, 2026, based on utility records showing no electrical or water usage, photographs showing the Property boarded up, and the state court's prior findings. Judgment Creditors will not be selling Debtor's residence, because the Property is not his residence.

Moreover, title to the Property at 162 East Claremont Street, Pasadena, California 91103 is encumbered by the judgment in favor of Ms. Atlas and Neighborhood Legal Services of Los Angeles County in the total amount of $1,066,066.25 (consisting of $750,000 in damages and $316,066.25 in attorneys' fees). The Property is valued at $810,000. The Los Angeles Superior Court has already ordered the sale of the Property and found that the $1.5 million deed of trust recorded by Debtor on March 5, 2024 is illegitimate and unenforceable.

Any harm to Debtor from the sale of the Property is monetary and can be remedied if he prevails on appeal. If the appellate court were to reverse the homestead ruling and determine that Debtor was entitled to a homestead exemption, Debtor could seek relief from the state court or pursue other remedies. The loss of non-exempt equity in property subject to a creditor's lien does not constitute irreparable harm warranting a stay.

Debtor has therefore failed to demonstrate that irreparable harm is the more probable or likely outcome absent a stay. Without satisfying this critical factor, Debtor cannot meet his burden of justifying a stay.

C. <u>The Balance of Hardships Weighs Against Debtor</u>

The balance of hardships does not favor granting a stay. Debtor argues that a temporary delay in administration of the Property will preserve the status quo while causing only temporary inconvenience to Judgment

Creditors, whereas he faces potentially permanent loss of his residence. This argument fails for multiple reasons.

First, as discussed above, the Property is not Debtor's residence, so he is not facing the loss of his home. Second, Judgment Creditors have been waiting to collect on their judgment since October 27, 2023, when the Los Angeles Superior Court entered the judgment in the total amount of $1,066,066.25. The judgment was affirmed on appeal on August 29, 2025. The sale of the Property was ordered on April 15, 2025 and amended on June 5, 2025.

The instant bankruptcy case was filed on March 3, 2026, on the eve of the scheduled sale date, for the express purpose of preventing enforcement of the state court's sale order. This Court characterized the filing as a bad faith bankruptcy filing designed simply to undermine what the state court had done.

Ms. Atlas, the primary judgment creditor, is 72 years old, has significant mental and physical disabilities, and has only $954 per month in Supplemental Social Security Income. Her home needs significant repairs and maintenance that she cannot afford without collecting on her judgment. She has been prevented from collecting her judgment for almost three years since it was entered.

Neighborhood Legal Services of Los Angeles County represented Ms. Atlas in the underlying fraud and elder abuse action and was awarded $316,066.25 in attorney fees. The continued delay in collecting this fee award harms a nonprofit legal services organization that provides representation to indigent clients.

The harm to Judgment Creditors from further delay is substantial and ongoing, while the harm to Debtor from proceeding with the sale is primarily monetary and can be remedied if he prevails on appeal. The balance of hardships therefore weighs against granting a stay.

D. The Public Interest Weighs Against a Stay

The public interest does not favor granting a stay. Debtor argues that the public interest lies in preserving meaningful appellate review and avoiding irreversible consequences. However, the public interest more strongly favors prompt enforcement of judgments, particularly judgments for fraud and financial elder abuse.

The requested stay would reward a judgment debtor adjudicated liable for fraud and elder financial abuse by postponing satisfaction of the judgment while allowing the Debtor to continue enjoying the benefits of wrongful conduct. The California Elder Abuse and Dependent Adult Civil Protection Act was enacted to protect a particularly vulnerable class and to encourage private enforcement through enhanced remedies.

The public interest favors prompt compensation of victims of elder financial abuse, deterrence of such exploitation, and enforcement of judgments entered after full adjudication. Granting a stay here would undermine these policies by allowing the Debtor to further delay satisfaction of a judgment that has already been affirmed on appeal and is over two and a half years old.

Moreover, this Court found that this case was filed in bad faith to evade enforcement of the state court's sale order. The public interest does not favor using bankruptcy procedures to undermine final state court judgments, particularly where the debtor has already received full appellate review of the underlying judgment in state court. The public interest therefore weighs against granting the stay.

E. Debtor Cannot Satisfy the Alternative Sliding-Scale Test

Even under the alternative sliding-scale test applied in the Ninth Circuit, Debtor cannot obtain a stay. Under this test, if the movant is unable to show a strong likelihood of success on the merits, the movant must at least demonstrate that the appeal presents a substantial case on the merits or that there are serious legal questions raised and must show that the balance

of hardships tips sharply in the movant's favor. The Debtor has not demonstrated serious legal questions on the merits. This Court's factual findings are supported by substantial evidence and are not clearly erroneous. The state court had already found that Debtor does not live at the Property and that it is not a dwelling, and this Court's independent evaluation reached the same conclusion based on utility records, photographs, and the timing of alleged remodeling.

Moreover, the balance of hardships does not tip sharply in the Debtor's favor. To the contrary, the balance tips in favor of Judgment Creditors, who have been waiting almost three years to collect on a judgment for fraud and elder abuse against a 72-year-old victim with minimal income and significant disabilities. Debtor's claimed harm is loss of a property he does not occupy and to which he may have no valid homestead right. Debtor therefore cannot satisfy the alternative sliding-scale test and is not entitled to a stay under either formulation of the standard.

## V

## CONCLUSION

In light of the foregoing,

**IT IS HEREBY ORDERED** as follows:

1. Debtor's Motion for Order Staying Enforcement of Order Sustaining Objection to Debtor's Homestead Exemption Pending Appeal [Dkt. No. 117] is DENIED in its entirety.
2. This Court's May 27, 2026 Order Sustaining Objection to Debtor's Homestead Exemption [Dkt. No. 86] remains in full force and effect.
3. Judgment Creditors Joyce Faye Atlas and Neighborhood Legal Services of Los Angeles County may proceed in the Los Angeles Superior Court or otherwise to enforce their rights with respect to the real property located at 162 East Claremont Street, Pasadena, California 91103,

subject to applicable law and any orders of the Los Angeles Superior Court.

4. No bond or other security is required because the stay has been denied.
5. The denial of this Motion is without prejudice to Debtor's right to seek a stay from the district court pursuant to Rule 8007(b) of the Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED.**

# # #

Date: August 19, 2026

Sheri Bluebond
United States Bankruptcy Judge